# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5549 | **DATE** | 06/04/2003 |
| **CASE TITLE** | Davis v. Howse et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion to Quash Service and Dismiss For
Lack of Personal Jurisdiction and Improper Venue (doc. #7)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]. Enter memorandum opinion and order. For the attached reasons, the Defendant's motion to dismiss Count IV for lack of personal jurisdiction is GRANTED. Defendant's motion to dismiss Count V for lack of personal jurisdiction or improper venue is DENIED. Defendant is ordered to answer complaint by June 25, 2003.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 5 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 17 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JUN -4 PM 4:09 | date mailed notice | |
| JHC courtroom deputy's initials | | FILED Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEROME DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN HOWSE, Individually and d/b/a LAYZIE BONE RECORDINGS, LLC, COMPTOWN RECORDS d/b/a RUTHLESS RECORDS and COMPTOWN RECORDS, STEWARD HOWSE, AND CHARLES WHITESIDE,<br><br>Defendants. | No. 02 C 5549<br><br>Judge William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

Defendant Comptown Records, Inc., d/b/a Ruthless Records and Comptown Records, ("Comptown") moves to dismiss Counts IV and V of the Plaintiff's complaint pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and improper venue. Count IV alleges that Comptown was negligent in providing security for Davis at a performance during which Defendant Steven Howse assaulted him. Count V alleges that Comptown violated the Lanham Act, 15 U.S.C. § 1125, when it distributed recordings of songs written by Davis without crediting him as a performer and writer. For the following reasons, this Court GRANTS defendant's motion to dismiss Count IV and DENIES defendant's motion to dismiss Count V.

1

I. Facts

Plaintiff Jerome Davis is a citizen and resident of the state of Illinois. Defendant Comptown is a corporation incorporated under the laws of California and having its principal place of business in California. Comptown has no offices or employees in Illinois. Davis alleges he entered into an oral contract with Layzie Bone Recordings, LLC. (LBR) and Steven Howse, President of LBR, under which he would be paid for each new musical composition he composed and for his performance in each tour organized by LBR or Howse. Pursuant to this agreement, Davis alleges he composed and recorded "Where You Goin?" and "Put Your Money on the Wood," two compositions that appeared on the album titled "L-Burna: Thug By Nature" ("L-Burna"), which LBR released on March 20, 2001. Davis further alleges that Comptown marketed, distributed, and sold the album throughout the United States, including the state of Illinois, but failed to credit Davis as the performer and/or writer of "Where You Goin?" and "Put Your Money on the Wood," thereby violating 15 U.S.C. §1125 (prohibiting false designations of origin and descriptions of fact).

After the album was released, Comptown promoted and operated the "L-Burna: Thug By Nature Tour" (the "Tour"). In early April 2001, Davis began performing with the Tour pursuant to the oral agreement. But according to Davis, on April 25 while the Tour was in New Orleans, Louisiana, Howse committed assault and battery against him causing him mental and physical injuries. Davis alleges that Comptown was responsible for providing security during the Tour and that it negligently failed to provide such security, thus allowing Howse's assault to occur. Following the assault and battery, Davis alleges that Tomika Wright, President and

2

CEO of Comptown, telephoned him in Illinois and offered him $75,000 in compensation for his injuries caused by Howse. Despite Wright's offer, Comptown never compensated Davis for his injuries.

## II. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing a *prima facie* case of personal jurisdiction. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). Once such a showing has been made, the Court must determine whether the assertion of jurisdiction over the defendant comports with the requirements of due process. *Logan Prod., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir.1996). As to the second prong of the analysis, it is the burden of the defendant challenging personal jurisdiction to establish that its assertion in this case would violate due process. *Id.* In ruling on a 12(b)(2)motion, the Court must take as true any jurisdictional allegations asserted by the plaintiff in the complaint; the defendant may overcome these allegations by submitting affidavits. *Id.* The Court, however, resolves any conflicts in favor of the plaintiff. *John Walker & Sons, Ltd. v. DeMert & Dougherty, Inc.*, 821 F.2d 399, 402 (7th Cir. 1987)(citing *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1215 (7th Cir. 1984)). Each of Davis's causes of action against Comptown "must stand on its own for purposes of personal jurisdiction." *Celozzi v. Boot*, No. 00 C 3285, 2000 WL 1141568, *3 (N.D.Ill. Aug. 11, 2000) (citing *Heritage House Rest., Inc. v. Continental Funding Group, Inc.*, 906 F.2d 276, 279 (7th Cir. 1990)).

In deciding a motion to dismiss for improper venue, "the plaintiff bears the burden of establishing that its chosen venue is proper," *Emjayco v. Morgan Stanley & Co.*, 901 F. Supp. 1397, 1400 (C.D.Ill. 1995), and "'[t]he allegations in [Plaintiff's] complaint are to be taken as true unless controverted by the defendant's affidavits; and any conflicts in the affidavits are to be resolved in [Plaintiff's] favor.'" *Id.* (quoting *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987)).

### III. Analysis

#### A. *The Lanham Act Claim*

Davis's Lanham Act claim is based on federal question jurisdiction, and this Court has jurisdiction over a non-resident defendant if the state courts of Illinois would have such jurisdiction. *Jamlik v. Days Inn of Mount Laurel*, 74 F. Supp. 2d 818, 820 (N.D. Ill. 1999). The Illinois Long-Arm statute allows courts to exercise jurisdiction to the fullest extent consistent with due process under the state and federal constitution, thus jurisdiction is coextensive with federal due process requirements. 735 ILCS 5/2-209(c); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). The Illinois Long-Arm statute provides that any person, whether a resident or non-resident of Illinois, will be subject to jurisdiction "as to any cause of action arising from . . . (1) the transaction of any business within this state." 735 ILCS 5/2-209(a)(1).

Comptown argues that the Court lacks personal jurisdiction over it because Davis's complaint lacks factual allegations sufficient to establish a *prima facie* case of personal jurisdiction. But Davis alleges that Comptown's violations of the Lanham Act occurred "throughout the United States, including the state of Illinois." Notice pleading does not require

4

that a complaint plead facts conclusively establishing personal jurisdiction. *Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998). Instead, once a defendant challenges the existence of personal jurisdiction, then the plaintiff must make out a *prima facie* case showing the basis for personal jurisdiction either by identifying factual allegations in the complaint or using other materials such as affidavits or deposition testimony. *Id.* Davis alleges that the Court has personal jurisdiction over Comptown because: (1) Comptown sold its products, including the L-Burna album, in Illinois; (2) Comptown operates concerts in Illinois; and (3) Wright offered to pay Davis, an Illinois resident, $75,000 for the injuries he sustained after Howse assaulted him. Comptown argues that Davis improperly attempts to amend his complaint because he attached photocopies of receipts and album covers as well as printouts of web pages to his response to Comptown's motion. But once a defendant challenges the existence of personal jurisdiction, a plaintiff may set forth facts establishing jurisdiction by using affidavits or deposition testimony. *Steel Warehouse of Wis., Inc.*, 154 F.3d at 715. To the extent, however, that Davis relies on unauthenticated evidence to support his argument that the Court has jurisdiction over Comptown, the Court will disregard that evidence.

In any event, the Court need not rely on the materials attached to Davis's response because Comptown mischaracterizes Davis's complaint. Davis alleges in his complaint that Comptown "marketed, distributed, and sold the album titled 'L-Burna: Thug By Nature,' which contains [his] musical compositions titled 'Where You Going (Skit)' and 'Put Your Money on the Wood.'" (Pl. Compl. ¶ 49). Paragraph 48 of the complaint explicitly incorporates paragraphs 1-31, which allege that the violations of the Lanham Act (described in paragraphs

48-54) occurred throughout the United States, including Illinois. Because Davis's complaint alleges that Comptown marketed and sold the L-Burna album in Illinois (from which Davis's Lanham Act claim arises), he has alleged facts sufficient to demonstrate that Comptown transacts business within the state of Illinois as defined by the Long-Arm statute. Defendant never disputes these allegations in its motion to dismiss and instead argues only that Davis made no allegations sufficient to establish personal jurisdiction.

Personal jurisdiction must also comport with Illinois and federal due process. *RAR, Inc.*, 107 F.3d at 1276. Illinois courts "have given little guidance as to how state due process protection differs from federal protection in context of personal jurisdiction." *Id.* Comptown has not offered any reason why the outcome would be different under Illinois due process than it would under federal due process. *See Publications Int'l, Ltd. v. Burke/Triolo, Inc.*, 121 F. Supp. 2d 1178, 1183 (N.D. Ill. 2000). Therefore, the Court turns to an analysis of jurisdiction under the Federal Due Process Clause.

Federal due process requires that for a court to properly exercise personal jurisdiction over a defendant, (1) the defendant must have "minimum contacts" with the forum state, and (2) the exercise of jurisdiction must not violate "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 108-13 (1987). Whether particular contacts satisfy due process depends on whether jurisdiction is general or specific. *See RAR*, 107 F.3d at 1277; *Publications Int'l*, 121 F. Supp. 2d at 1181. The essential inquiry for specific jurisdiction[1] is whether the defendant should reasonably anticipate

---

[1] In this case Davis relies exclusively on specific jurisdiction, and makes no argument that that the Court has general jurisdiction over Comptown.

being haled into court in the forum state because the defendant has purposely avail[ed] itself of the privilege of conducting activities there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286-87 (1980); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)(the defendant's conduct cannot be merely "random, fortuitous, or attenuated"). Furthermore, specific jurisdiction exists only if the suit "aris[es] out of or [is] related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). In examining defendant's contacts with the state in a specific jurisdiction analysis, the court cannot "simply aggregate all of the defendant's contacts with the state." *RAR, Inc.*, 107 F.3d 1277.

By marketing and selling its products in Illinois to Illinois consumers, Comptown purposely availed itself of this forum and can reasonably anticipate being haled into an Illinois court. *See, e.g., Publications Int'l*, 121 F. Supp.2d at 1182 (specific jurisdiction found based on defendant mailing catalogues to customers in Illinois offering photographs for sale for which plaintiff owned exclusive rights). Davis's Lanham Act claim arises directly from Comptown's Act of marketing and selling the L-Burna album in Illinois. *See Rush v. Savchuk*, 444 U.S. 320, 329 (1980) (finding no quasi in rem jurisdiction in part because the defendant's contacts with the forum state were neither "the subject matter of the case" nor "related to the operative facts" of the case). Accordingly, the Court finds that Davis has adequately pleaded that Comptown has minimum contacts with the forum state.

An examination of fair play and substantial justice takes into account: (1) the interest of the state in providing a forum to the plaintiff; (2) the interest of the state in regulating the activity involved; (3) the burden on the defendant; (4) the relative burden on the plaintiff in prosecuting

elsewhere; (5) the extent to which the claim is related to the defendant's local activities; and (6) the avoidance of a multiplicity of suits. *Asahi*, 480 U.S. at 115; *see also Divine/Whittman-Hart, Inc. v. King*, No. 02 C 2486, 2002 WL 1611585, *5 (N.D. Ill. July 22, 2002) (citing *Int'l Shoe*, 326 U.S. at 320; *World-Wide Volkswagon*, 444 U.S. at 292). In this case, the factors weigh in favor of finding that exercising jurisdiction over Compton comports with fair play and substantial justice. While Comptown must bear the burden of traveling to Illinois to defend itself, this burden is not so great as to justify dismissing this case for lack of personal jurisdiction. Indeed, Comptown has failed to allege any burdens involved in defending itself in Illinois and presents no evidence that it would not receive a fair and expedient trial in Illinois. Further, Illinois has an interest in protecting its own resident, Davis. Finally, Davis's claim relates directly to Comptown's act of distributing the L-Burna album within Illinois. Because Davis alleges that Comptown established minimum contacts with Illinois, which Comptown fails to deny, and because those minimum contacts satisfy the requirements of due process, Comptown's motion to dismiss Count V based on lack of personal jurisdiction is DENIED.

Comptown has also moved to dismiss Count V for improper venue. Venue under 28 U.S.C. § 1391(b) is proper when "a substantial part of the events or omissions giving rise to the claim occurred" in the plaintiff's chosen venue. To be "substantial" the events that occurred in the forum district must be "part of the historical predicate" of the claim. *Master Tech Products, Inc. v. Smith*, 181 F. Supp.2d 910, 914 (N.D.Ill. 2002) (quoting *Uffner v. La Reunion Francais, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001)). Comptown argues that Davis's "complaint is devoid of any facts which would indicate that any contact the defendants do have with this state

significantly outweigh the contacts the defendants have with other states." But the "weight of contacts" standard upon which Comptown relies is not the current standard courts employ to determine whether venue is proper. Instead, venue may be proper in more than one district as long as a "substantial" part of the key events or omissions occurred in the district. *Chemical Waste Management, Inc. v. Sims*, 870 F. Supp. 870, 875 (N.D.Ill.1994) (holding venue proper notwithstanding the possibility that defendants' activities may have been more substantial elsewhere; if the selected district's contacts are substantial, it should make no difference that another district's are more so, or the most so); *see also Alcoholics Anonymous World Serv., Inc. v. Friedman*, 1992 WL 150633, *3 (S.D.N.Y. Jun. 17, 1992) (discussing amendments to § 1391(b) that removed the implication that for venue purposes a claim arises in only one district). With respect to Lanham Act claims, it is commonly held that the events giving rise to the claim are deemed to occur where the "passing off" of the infringing product occurs. *See Beveridge v. Mid-West Management, Inc.*, 78 F. Supp. 2d 739, 746 (N.D. Ill. 1999); *Magnum Feeders, Inc. v. Bloedorn*, No. 95 C 2012, 1995 WL 743747, *4 (N.D.Ill. Dec. 12, 1995); *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994); *Halsoprodukter Labs Karnerud AB v. Gero Vita Int'l*, No. 93 C 2129, 1993 WL 384525, *3-4 (N.D.Ill. Sept. 28, 1993).

Comptown also argues that Davis has failed to allege any facts that demonstrate that venue in Illinois is appropriate. But as noted above, Defendant's characterization of Davis's complaint is inaccurate. Davis alleges that Comptown "marketed, distributed, and sold the album titled 'L-Burna: Thug By Nature,' which contains [his] musical compositions titled 'Where

9

You Going (Skit)' and 'Put Your Money on the Wood'" in Illinois. Defendant's sale of the L-Burna album in Illinois comprises part of the historical predicate of Davis's claim and establishes that the "passing off" of the infringing product occurred in this District. Therefore, venue in the Northern District is proper under 28 U.S.C. § 1391(b)(2) and Comptown's motion to dismiss Count V for improper venue is DENIED.

B.   *The Negligence Claim*

Having established that personal jurisdiction over Comptown is proper for the Lanham Act claim, the question remains whether it is also proper for the negligence claim. *See Celozzi,* No. 00 C 3285, 2000 WL 1141568 at *3 (each claim must have an independent basis for personal jurisdiction). Davis argues that Comptown sold the L-Burna record in Illinois, organized concerts in Illinois, and offered to compensate him for his injuries resulting from the assault in a telephone conversation during which he resided in Illinois. The Illinois Long-Arm statute allows for jurisdiction over a defendant when the defendant transacts business in Illinois when the cause of action *arises from* the transaction of that business. *See* 735 ILCS 5/2-209(a)(1) (emphasis added). Further, to satisfy the minimum contacts requirement consistent with due process, the suit must *arise out of* the defendant's contacts with the forum. *See Helicopteros Nacionales de Columbia, S.A.,* 466 U.S. 408 (1984) (emphasis added).

In this case, none of the alleged contacts Comptown had with Illinois relate to Davis's negligence claim. The alleged negligent act occurred in New Orleans, Louisiana, not Illinois. Comptown's marketing and sale of L-Burna in Illinois has no relation to its alleged negligent provision of security during the April 25 concert in New Orleans. Similarly, Davis's negligence

claim neither arises out of nor is related to the fact that Comptown organized concerts in Illinois so as to satisfy the statute. Finally, Wright's telephone conversation with Davis occurred *after* the allegedly negligent act, and thus it cannot be said that Davis's claim "arises out of" his conversation with Wright. Davis does not allege that Comptown breached an oral contract formed by Wright. He alleges only that Comptown was negligent in providing security during the April 25 concert in New Orleans.

In *RAR Inc.*, the Seventh Circuit explained:

> Potential defendants should have some control over-and certainly should not be surprised by-the jurisdictional consequences of their actions. Thus, when conducting business with a forum in one context, potential defendants should not have to wonder whether some aggregation of other past and future forum contacts will render them liable to suit there. Unless their contacts are continuous and systematic enough to rise to the level of general jurisdiction, individuals and corporations must be able to conduct interstate business confident that transactions in one context will not come back to haunt them unexpectedly in another.

107 F.3d at 1278.

Davis's negligence claim relates to an alleged assault and battery perpetrated by Steven Howse, an Ohio resident. Davis alleges that Comptown negligently failed to provide security to protect him from Howse during the Tour's performance in New Orleans, and Comptown's allegedly negligent acts bear no relation to the forum district. Accordingly, exercising jurisdiction over Comptown on Davis's negligence claim would offend due process notions of minimum contacts and fair play and substantial justice. Therefore, defendant's motion to dismiss Count IV for lack of personal jurisdiction is GRANTED.

## IV. Conclusion

For the foregoing reasons, Comptown's motion to dismiss Count IV for lack of personal jurisdiction is GRANTED. Comptown's motion to dismiss Count V for lack of personal jurisdiction and improper venue is DENIED.

IT IS SO ORDERED.

____6/4/03____
Dated

_____
The Honorable William J. Hibbler
United States District Court